## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 29 2020, 10:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Talisha Griffin
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Taylor Golder, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | May 29, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-2938 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Peggy Ryan Hart, Judge Pro Tempore <br><br> Trial Court Cause No. <br> 49G10-1906-CM-25071 |

**Baker, Judge.**

[1] Taylor Golder appeals her conviction for Class A Misdemeanor Battery,[1] arguing that the evidence is insufficient to support the conviction. Finding the evidence sufficient, we affirm.

[2] On June 7, 2019, Golder and her mother, Tiffany Holifield, went to a housing community in Indianapolis to confront Chaney Craft, who was Golder's former employer. Holifield accused Craft of calling Golder "trash" and both women threatened to "kick [her] ass." Tr. Vol. II p. 31, 34. Holifield charged Craft and grabbed her head, gripping her braids and tearing some hair off her head. After Holifield tried unsuccessfully to push Craft out of a window and ultimately got Craft to the ground, Golder "stomp[ed]" on Craft's chest. *Id.* at 35. As a result, Craft was sore the next day and experienced pain in her stomach and back.

[3] On June 25, 2019, the State charged Golder with Class A misdemeanor battery. A bench trial was held on November 18, 2019, and the trial court found Golder guilty as charged, later imposing a fully suspended one-year sentence. Golder now appeals.

[4] Golder argues that the evidence is insufficient to support her conviction. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no

---

[1] Ind. Code § 35-42-2-1(c)(1), -1(d)(1).

reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.*

[5] To convict Golder of Class A misdemeanor battery, the State was required to prove beyond a reasonable doubt that Golder knowingly or intentionally touched Craft in a rude, insolent, or angry manner, resulting in bodily injury to Craft. I.C. § 35-42-2-1(c)(1), -1(d)(1). Bodily injury includes physical pain. Ind. Code § 35-31.5-2-29. Golder argues that there is insufficient evidence establishing that her actions caused Golder to sustain a bodily injury.

[6] Golder concedes that Craft testified that she experienced pain and soreness as a result of the altercation. But Golder argues that the evidence does not definitively show that it was her actions—as opposed to Holifield's—that caused Craft to experience pain. Craft testified that Holifield pulled hair off her head, causing pain to her scalp. She also testified that Golder stomped on her chest and that the next day she experienced pain in her stomach and back. A reasonable factfinder could infer that the pain in Craft's stomach and back was caused by Golder stomping on her chest. Golder's arguments to the contrary amount to requests that we reweigh the evidence and assess witness credibility, which we may not do. We find the evidence sufficient to support Golder's conviction for Class A misdemeanor battery.

[7] The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.